IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
ADRIAN AVENDANO-BAUTISTA,        *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *      CV 116-108
                                 *
KIMBELL GIN MACHINERY COMPANY    *
and LUBBOCK ELECTRIC CO., INC.,  *
                                 *
     Defendants.                 *
```

**O R D E R**

Before the Court is Defendant Lubbock Electric Co., Inc.'s ("Lubbock") Motion to Dismiss. (Doc. 13.) Plaintiff filed a response in opposition (doc. 23), and Lubbock filed a reply in support (doc. 26).[1] Accordingly, Lubbock's motion has been fully briefed and is ripe for the Court's review. For the reasons stated herein, Lubbock's motion is **GRANTED** due to lack of personal jurisdiction over Lubbock.

**I. BACKGROUND**

Plaintiff alleges in his complaint that Defendants Lubbock[2] and Kimbell Gin Machinery Company ("Kimbell")[3] designed,

---

[1] Prior to Plaintiff filing his response in opposition, Lubbock filed an amended brief in support of its motion to dismiss, which substitutes and replaces a portion of its original brief in support. (Doc. 16; see also Doc. 13-1.)
[2] Lubbock is a Texas corporation with its principal place of business in Texas. (Compl., Doc. 1, ¶ 3; Moffett Am. Aff., Doc. 16-1, ¶¶ 4-6.)
[3] Kimbell is a Texas corporation. (Compl. ¶ 2.)

manufactured, inspected, tested, marketed, sold, and distributed a 2015 Kimbell Gin (the "Gin") and its component parts.[4] (Compl., Doc. 1, ¶ 10.) Plaintiff's employer, Collins Gin, Inc. ("Collins"), purchased the Gin from Kimbell in early June 2015. (Id. ¶ 19.) A Kimbell representative was sent to Collins' job site to direct and oversee the assembly of the Gin, but departed prior to it being fully assembled and operational. (Id. ¶ 20.)

On June 11, 2015, the Gin was started by Collins' employees but was quickly halted when a "very loud noise" was heard from the Gin. (Id. ¶¶ 21-22.) On June 12, 2015, Collins' employees restarted the Gin "in an effort to locate the source of the noise." (Id. ¶ 23.) While standing on the operator platforms, Collins' employees noticed that not all of the Gin's conveyor beds rollers were operational. (Id. ¶¶ 24-25.) Plaintiff then climbed onto the Gin's beds "in an attempt to determine specifically which beds were not rolling and for the purpose of 'interrupting' the light beams to trigger each bed." (Id. ¶ 25.) "Within seconds of climbing onto the bed, Plaintiff's foot became caught between two rollers that were rolling in opposite direction[s], which created a 'pinch point'" that pulled Plaintiff's legs between the adjoining rollers and "shatter[ed] every bone in his body below the knee."[5] (Id. ¶¶ 26-30.)

---

[4] Specifically, Lubbock "designed, inspected, tested, and manufactured the electrical components of the Gin." (Compl. ¶ 12; see also id. ¶¶ 10, 35.)
[5] As alleged by Plaintiff, "[w]hen working correctly, and not being manually controlled by a user, all of the beds [and therefore, the rollers] turn in the same direction – either forward or reverse." (Compl. ¶ 17.) At the time

2

On July 6, 2016, Plaintiff initiated the present lawsuit in this Court. In his complaint, Plaintiff alleges three claims: (a) "strict liability and products liability" pursuant to O.C.G.A. § 51-1-11; (b) "product liability - willfulness, wantonness, recklessness;" and (c) "negligence." (See id., ¶¶ 47-53.) On September 19, 2016, Lubbock entered a special appearance and filed its present motion to dismiss for lack of personal jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. (Doc. 13.)

## II. LEGAL STANDARD

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over the movant, nonresident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). The plaintiff establishes a *prima facie* case by presenting "enough evidence to withstand a motion for directed verdict." Madera v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). A party presents enough evidence to withstand a motion or directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." Walker v. Nations Bank of Florida, 53 F.3d 1548, 1554 (11th Cir. 1995).

---

of Plaintiff's injuries, the Gin was not being manually controlled. (Id. ¶ 28.)

In assessing a motion to dismiss for lack of personal jurisdiction, the facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990) (citations omitted). If the defendant submits affidavits challenging the allegations in the complaint, however, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc., 593 F.3d 1249, 1257 (11th Cir. 2010). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Id. (citing Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).

### III. DISCUSSION

In his Complaint, Plaintiff alleges that Lubbock is subject to personal jurisdiction in Georgia because Lubbock "regularly transacts and solicits business in Georgia, and engages in a persistent course of purposeful conduct in Georgia directed towards Georgia citizens . . . by installing, configuring, or assembling the electrical components of Kimbell Cotton Gins." (Compl. ¶ 8; see also id. ¶¶ 10, 12, 35.) While conceding that Georgia's long-arm statute is arguably satisfied, (doc. 16, at 3-4), Lubbock contends that this Court lacks personal

4

jurisdiction over it because Plaintiff cannot satisfy the "minimum contacts" requirement of the Fourteenth Amendment's Due Process Clause.

To determine whether a nonresident defendant is subject to personal jurisdiction, the Court must perform a two-part analysis. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). First, the Court must determine whether the exercise of personal jurisdiction is proper under the forum state's long-arm statute as that statute would be interpreted by the state's Supreme Court.[6] Id. Next, the Court must determine whether there are sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment. Id.; Int'l Shoe Co. v. Washington Office of Unemployment Comp. & Placement, 326 U.S. 310 (1945). Because Lubbock concedes - and the Court concludes - that subsection (1) of Georgia's long-arm statute[7] is satisfied by Lubbock's delivery

---

[6] The Eleventh Circuit has held that "the Georgia long-arm statute [O.C.G.A. § 9-10-91] does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process," but instead "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Diamond Crystal Brands, Inc., 593 F.3d at 1259. "[C]ourts must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." Id. at 1263.

[7] O.C.G.A. § 9-10-91(1) ("A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she . . . [t]ransacts any business within this state."); see also Diamond Crystal Brands, Inc., 593 F.3d at 1264 ("Georgia's long-arm statute permits jurisdiction where a plaintiff's cause of action arises out of a nonresident defendant's transaction of any business within Georgia . . . [and] we must

of the Gin's electrical components to Collins in Waynesboro, Georgia,[8] the propriety of the Court's exercise of personal jurisdiction over Lubbock effectively hinges on the resolution of the due process analysis.

In the context of personal jurisdiction, "the Due Process Clause requires that the defendant's conduct and connection with the forum State be such that he should reasonably anticipate being haled into court there." Diamond Crystal Brands, Inc., 593 F.3d at 1267 (internal quotations and citations omitted). Due process therefore requires that a nonresident defendant have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (internal quotations and citations omitted). This requires a plaintiff to show that the nonresident defendant "purposefully availed itself of the privilege of conducting activities — that is, purposefully establishing contacts — in the forum state and there must be a sufficient nexus between those contacts and the litigation." Id. "The focus must always be on the *nonresident defendant's* conduct, that is, whether the defendant deliberately engaged in significant activities within a state or created continuing obligations with residents of the forum . . . [to] ensure[] that

---

interpret this statute literally and give full effect to the breadth of its language." (internal quotations and citations omitted)).
[8] "On or about May 22, 2015, [Lubbock] shipped the [Gin's] electrical control system . . . via Fedex Freight to [Collins], 532 Myrick Street, Waynesboro, Georgia 30830." (Moffett Am. Aff. ¶ 22 & Ex. 1.)

6

a defendant will not be subject to jurisdiction based solely on random, fortuitous, or attenuated contacts." Id. at 1268 (emphasis original) (internal quotations and citations omitted).

In support of its motion to dismiss, Lubbock has submitted the amended affidavit of its general manager, Steve Moffett, who attests, *inter alia*:

- Lubbock builds all of its control panels, operating software, and hardware at its facility located in Lubbock, Texas.
- Lubbock is not registered to do business in Georgia, does not maintain an office in Georgia, and does not have any officers, employees, or other agents regularly present in Georgia.
- Lubbock does not regularly advertise or otherwise solicit business in Georgia.
- Lubbock does not own real or personal property in Georgia, nor does it have any financial accounts in Georgia.
- Lubbock does not derive substantial revenue from goods used or consumed or services rendered in Georgia.[9]
- Lubbock assembled, tested, negotiated the sale of, and received payment for the Gin's electrical control system and component parts in Texas.
- Lubbock sold the Gin's electrical control system and component parts to Kimbell, with the parts to be delivered to Collins in Waynesboro, Georgia and installed by Kimbell.

(Moffett Am. Aff., Doc. 16-1, ¶¶ 4-23 & Ex. 1.) In response, Plaintiff argues that he is not in a position to rebut Lubbock's factual allegations without the benefit of compulsory discovery. Notably, Plaintiff has provided no evidence to rebut Lubbock's showings or to support his claims that this Court has personal

---

[9] According to Mr. Moffett, less than one percent of Lubbock's 2015 sales revenue resulted from sales in Georgia. (Moffett Am. Aff. ¶ 18.)

7

jurisdiction over Lubbock.  Rather, Plaintiff attacks Mr. Moffett's attestations by alleging they are vague and conclusory because he "uses such subjective terms as 'frequently,' 'routinely,' and 'regularly' without providing concrete facts on these key factors," which, in Plaintiff's opinion, entitles Plaintiff to rest on the conclusory allegations of personal jurisdiction in his complaint.  (Doc. 23 at 5; see also Compl. ¶¶ 8, 10, 12, 35.)

Here, Plaintiff has failed to carry his burden of demonstrating the existence of personal jurisdiction.  Although Lubbock delivered the Gin's electrical control system and component parts to Georgia, this shipment alone is an insufficient basis for personal jurisdiction.  See Thomas v. Strange Eng'g, Inc., Case No. CV 1:11-CV-074, 2012 WL 993244, at *6 (S.D. Ga. Mar. 22, 2012) ("The only portion of the contract that involved the state of Georgia was the shipment of the product to Plaintiff's principal place of business in Grovetown, Georgia.  Shipment, however, cannot be the basis for personal jurisdiction.") (citing Francosteel Corp. v. M/V Charm, Tiki, Mortensen & Lange, 19 F.3d 624, 628 (11th Cir. 1994); Baynes v. Mason Funeral Home, No. 1:07-cv-2805, 2008 WL 5191808, at *3 (N.D. Ga. Dec. 10, 2008)).  Looking at the substance of the underlying transaction at issue, there are no additional factors here that would compel a finding that Lubbock has deliberately

engaged in significant activities within Georgia or otherwise intentionally affiliated itself with Georgia or attempted sufficient contacts with Georgia to satisfy due process. See Diamond Crystal Brands, Inc., 593 F.3d at 1268-69 (listing "further contacts" that might be sufficient to connect a nonresident defendant to a forum). Rather, the shipping of the Gin's electrical control system and component parts to Georgia appears to be an isolated transaction, and Lubbock has rejected Plaintiff's conclusory allegations to the contrary by its submission of Mr. Moffett's amended affidavit.[10] Therefore, the burden was on Plaintiff to produce evidence supporting his claims of jurisdiction, Diamond Crystal Brands, Inc., 593 F.3d at 1257, which he has failed to do. Accordingly, Plaintiff's claims against Lubbock must be dismissed for lack of personal jurisdiction.[11] Because "[a] court without personal jurisdiction

---

[10] While Plaintiff asserts that Mr. Moffett's attestations are vague and conclusory, the Court concludes that they are sufficient for the purposes of rebutting Plaintiff's allegations as to the existence of personal jurisdiction. Unlike the cases cited by Plaintiff, Mr. Moffett's attestations are not threadbare recitals of the relevant jurisdictional standards, but rather are specific factual declarations as to Lubbock's activities that are based on the affiant's personal knowledge and that challenge Plaintiff's allegations as to Lubbock's relation to the State of Georgia. Compare Doc. 16-1; with Meier, 288 F.3d at 1275 n.14 ("The Court notes that Defendants' affidavits contain little more than conclusory statements that the Sun Defendants are not subject to jurisdiction in Florida."); and Posner v. Essex Ins. Co., 178 F.3d 1209, 1215 (11th Cir. 1999) (assigning little weight to an affiant's "conclusory assertions of ultimate facts" as opposed to "specific factual declarations within the affiant's personal knowledge"); see also Mazer, 556 F.3d at 1276-77; Matthews v. Brookstone Stores, Inc., 469 F. Supp. 2d 1056, 1061 n.4 (S.D. Ala. 2007).

[11] Plaintiff requests limited jurisdictional discovery "to determine the full extent that [Lubbock] has ties with the State of Georgia . . . ." (Doc. 23, at 2.) Generally, a plaintiff "should be given the opportunity to discover facts that would support his allegations of jurisdiction." Majd-Pour v.

9

is powerless to take further action," Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) (citations omitted), the Court does not reach Lubbock's assertions that Plaintiff has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

Upon due consideration and in accordance with the foregoing, **IT IS HEREBY ORDERED** that Lubbock's motion to dismiss (doc. 13) is **GRANTED** due to lack of personal jurisdiction over Lubbock.

---

Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 (11th Cir. 1984) (citations omitted). Where a complaint is "insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction," however, it is an abuse of discretion to grant jurisdictional discovery. Butler v. Sukhoi Co., 579 F.3d 1307, 1314 (11th Cir. 2009) (citations omitted). Moreover, courts are "not obligated to permit jurisdictional discovery based on a party's 'mere hunch that there may be facts—or a desire to find out if there are any facts—that justify the exercise of personal jurisdiction.'" Stevens v. Reliance Fin. Corp., No. 2:13-CV-416-MEF, 2014 WL 631612, at *9 (M.D. Ala. Feb. 18, 2014) (quoting Kason Indus., Inc. v. Dent Design Hardware, Ltd., 952 F. Supp. 2d 1334, 1353 (N.D. Ga. 2013)). As an initial matter, Plaintiff's boiler plate recitations of jurisdiction in his complaint are insufficient to establish a *prima facie* case of personal jurisdiction over Plaintiff. See Madera, 916 F.2d at 1514; Walker, 53 F.3d at 1554. Even ignoring this deficiency, however, these allegations have been refuted by Lubbock through Mr. Moffett's amended affidavit, and Plaintiff has presented no evidence in response that would support a reasonable inference that Lubbock has the requisite minimum contacts to satisfy the Fourteenth Amendment's Due Process Clause. Further, Plaintiff has failed to provide the Court with any proposed discovery requests that he believes are necessary to support his claims of jurisdiction. Accordingly, Plaintiff is essentially arguing that he should be given free rein to explore whether Lubbock has engaged in any activity that would allow Plaintiff to sue in this forum; this, however, is not the purpose of jurisdictional discovery. See Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc., 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is not a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction." (citations omitted)). The Court is unwilling to grant Plaintiff jurisdictional discovery on a mere hunch that there may be facts justifying the exercise of personal jurisdiction; accordingly, Plaintiff's request for limited jurisdictional discovery is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 28th day of March, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA