IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ADRIAN AVENDANO-BAUTISTA, | * |
| Plaintiff, | * |
| v. | * CV 116-108 |
| KIMBELL GIN MACHINERY COMPANY, | * |
| Defendant. | * |

**O R D E R**

Before the Court is Plaintiff Adrian Avendano-Bautista's ("Bautista") Motion for Joinder of Lubbock Electric Corp. ("Lubbock"), who was previously dismissed by the Court for lack of personal jurisdiction. (Docs. 29, 37.) Lubbock filed a response in opposition to this motion. (Doc. 39.) Accordingly, Bautista's motion is fully briefed and is ripe for review. For the reasons that follow, Bautista's motion is **GRANTED**.

### I. PROCEDURAL BACKGROUND

On July 6, 2017, Bautista brought a claim against Lubbock and Kimbell Gin Machinery Company ("KGM") after he was injured while using the 2015 Kimbell Gin (the "Gin"). (Doc. 1.) On March 28, 2017, this Court granted Lubbock's motion to dismiss after the Court found that Lubbock had not subjected itself to the Court's jurisdiction simply because it delivered the Gin to Collins Gin, Inc., a Georgia customer. (Doc. 29.) Bautista

then discovered a manual for the Gin that included Lubbock's contact information and an invitation for customers to contact Lubbock for technical advice. (Doc. 37.) On August 15, 2017, Bautista moved to have the Court join Lubbock as a party. Id.

## II. DISCUSSION

As an initial matter, Bautista moves to add Lubbock under Rules 15 and 20 of the Federal Rules of Civil Procedure. Lubbock, on the other hand, complains that Bautista is essentially asking the Court to reconsider its earlier decision and therefore must comply with Rule 60. However, a court may grant leave to amend a previously dismissed claim. Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984). The relief Bautista seeks is only restricted to Rules 59 or 60 after final judgment has been entered. Id. Since final judgement has not been entered in this case, the Court is guided by the principal that leave to amend should be freely granted. See Fla. Evergreen Foliage v. E.I. DuPonte De Nemours & Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (listing the limited circumstances where relief is not appropriate). Therefore, Bautista may pursue the relief he seeks under Rules 15 and 20.

Turning to the merits, Bautista argues that by placing Lubbock's name in KGM's manual and delivering the Gin to a Georgia customer, Lubbock subjected itself to the Court's

2

jurisdiction. A court may exercise jurisdiction over a defendant when both the state long-arm statute and the procedural due process Clause of the Fourteenth Amendment are satisfied. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996).[1] Personal jurisdiction is appropriate under the Due Process Clause if the defendant has minimum contacts with the forum state and exercising jurisdiction would not offend notions of fair play and substantial justice. Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007). The heart of the test for Procedural Due Process is whether the defendant's conduct gives reasonable notice that it might be haled into a court in the forum state. See Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc., 593 F.3d 1249, 1267 (11th Cir. 2010). Courts focus on whether the defendant has purposefully availed itself to the privilege of doing business in the forum state. Id.

Placing an item in the stream of commerce is insufficient to find purposeful availment. See Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 112 (1987). However, purposeful availment may be demonstrated if the defendant who placed the item into the stream of commerce engaged in additional conduct, such as designing the product for the forum state; advertising or marketing in that state; or

---

[1] This Court already found that Georgia's long-arm statute was satisfied so this discussion will be limited to Due Process.

3

establishing channels for providing advice to that state's residents. Id. This is the "stream of commerce plus" test endorsed by a plurality in Asahi. Vermeulen v. Renault U.S.A., Inc., 985 F.2d 1534, 1548 (11th Cir. 1992). Since this is the narrowest test endorsed by the Supreme Court, satisfying it will demonstrate personal jurisdiction. See Morris v. SSE, Inc., 843 F.2d 489, 493 n.5 (11th Cir. 1988).

In this case, Bautista argues that Lubbock's technical support offer in KGM's manual has established a channel for providing advice to Georgia customers. See Ray v. Ford, 2008 WL 2756655, at *6 (M.D. Ala. July 11, 2008) (finding personal jurisdiction based on the defendant's involvement in the warranty process). Lubbock responds that it has not made an effort to contact Georgia customers so the Court cannot find purposeful availment. The Court does not view purposeful availment so narrowly as to require actual contact. When Lubbock placed its number in KGM's manual, Lubbock invited future contact with a Georgia customer. Therefore, by delivering the Gin to a Georgia customer and inviting that customer to engage in future contact, Lubbock has subjected itself to a Georgia court's jurisdiction.

Next, once a plaintiff has demonstrated the defendant's minimum contacts, a court will consider other factors to ensure that personal jurisdiction comports with fair play and

4

substantial justice. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 476 (1985). A fairness analysis considers factors including the burden on either party, judicial efficiency, and the forum state's interest in adjudicating the dispute. <u>Id.</u> at 477. These considerations will sometimes show the reasonableness of personal jurisdiction upon a lesser showing of minimum contacts. <u>Id.</u> When analyzing these factors, courts recognize that "modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." <u>McGee v. Int'l Life Ins. Co.</u>, 355 U.S. 220, 223 (1957).

Neither party has addressed this issue but the Court finds the factors weigh in favor of exercising personal jurisdiction. The burden on Lubbock of having to defend itself in Georgia is alleviated by the technological advances mentioned in <u>McGee</u>. <u>See</u> <u>Oliver v. Merritt Dredging Co., Inc.</u>, 979 F.2d 827, 834 (11th Cir. 1992) (requiring a Louisiana and South Carolina company to adjudicate in Alabama would not impose a substantial burden). On the other hand, forcing Bautista to litigate his claim in two forums would "hamper his ability to obtain quick, convenient, and effective relief." <u>Id.</u>; <u>see also</u> <u>Marbury v. Am. Truetzschler</u>, 111 F. Supp. 2d 1281, 1287 (N.D. Ala. 2000). This piecemeal litigation could also lead to inconsistent outcomes and waste judicial resources. <u>See</u> <u>Oliver</u>, 979 F.2d at 834.

5

Finally, Georgia has a strong interest in protecting its residents from unsafe products that come into the market. Vermeulen, 985 F.2d at 1551. Thus, exercising personal jurisdiction over Lubbock comports with traditional notions of fairness.

Therefore, upon consideration, Bautista's motion for Joinder is hereby **GRANTED**. Bautista shall file an amended complaint naming Lubbock as defendant within fourteen (14) days hereof in conformity with this Order.

**ORDER ENTERED** at Augusta, Georgia this 4th day of December, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA